No. 17A64632

**STATE COURT OF DEKALB COUNTY**
GEORGIA, DEKALB COUNTY

Date Summons Issued and E-Filed
05/26/2017

**SUMMONS**

/s/ Monique Roberts
Deputy Clerk

Deposit Paid $ _____

Plaintiff's name and address: Nicholas Harden c/o Alfred L. Evans, III, 1447 Peachtree St NE Ste 540(b), Atlanta, GA 30309

[X] JURY

vs.

Defendant's name and address: David Green, MED Express Transport, Inc., Lancer Insurance Company, John Does (1-2) and ABC Corporations (1-2)

TO THE ABOVE-NAMED DEFENDANT: David Green - 15810 Bridgewater Lane, Tampa, FL 33624

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Name: Alfred L. Evans, III - Evans Litigation & Trial Law
Address: 1447 Peachtree St. NE Ste 540(b), Atlanta, GA 30309
Phone Number: 404-334-8009     Georgia Bar No. 251401

an ANSWER to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

Defendant's Attorney _____
Address _____
Phone No. _____   Georgia Bar No. _____

Third Party Attorney _____
Address _____
Phone No. _____   Georgia Bar No. _____

**TYPE OF SUIT**
[X] Personal Injury  [ ] Products Liability
[ ] Contract  [ ] Medical Malpractice
[ ] Legal Malpractice  [ ] Product Liability
[ ] Other

Principal $ TBD
Interest $ _____
Atty Fees $ _____

Access to the e-filing site and the rules is available at www.dekalbstatecourt.net
To indicate consent to e-service check the box below.
[ ] (Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.

E-file summons1-2016



EXHIBIT A

STATE COURT OF
DEKALB COUNTY, GA.
5/26/2017 10:16:37 AM
E-FILED
BY: Monique Roberts

17A64632

No. _____

Date Summons Issued and E-Filed

05/26/2017

/s/ Monique Roberts

**Deputy Clerk**

Deposit Paid $ _____

**STATE COURT OF DEKALB COUNTY**
GEORGIA, DEKALB COUNTY

**SUMMONS**

Plaintiff's name and address: Nicholas Harden c/o Alfred L. Evans, III 1447 Peachtree St NE Ste 540(b) Atlanta, GA 30309

vs.

☒ JURY

Defendant's name and address: David Green, MED Express Transport, Inc. Lancer Insurance Company, John Does (1-2) and ABC Corporations (1-2)

TO THE ABOVE-NAMED DEFENDANT: MED Express Transport, Inc. c/o Registered Agent, Martin Danko - 5186 126th Ave N Clearwater FL 33760

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Name: Alfred L. Evans III - Evans Litigation & Trial Law
Address: 1447 Peachtree St. NE Ste 540(b) Atlanta, GA 30309
Phone Number: 404-334-8009       Georgia Bar No. 251401

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

| Defendant's Attorney | Third Party Attorney |
|---|---|
| Address | Address |
| Phone No.         Georgia Bar No. | Phone No.        Georgia Bar No. |

**TYPE OF SUIT**

☒ Personal Injury ☐ Products Liability
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability
☐ Other

Principal $ TBD
Interest $ _____
Atty Fees $ _____

Access to the e-filing site and the rules is available at www.dekalbstatecourt.net
To indicate consent to e-service check the box below.
☐ (Plaintiff) consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.

E-file summons1-2016

Case 1:17-cv-02348-CAP   Document 1-1   Filed 06/22/17   Page 3 of 16

No. 17A64632

Date Summons Issued and E-Filed
05/26/2017

/s/ Monique Roberts

Deputy Clerk

Deposit Paid $ _____

**STATE COURT OF DEKALB COUNTY**
GEORGIA, DEKALB COUNTY

**SUMMONS**

Plaintiff's name and address: Nicholas Harden c/o Alfred L. Evans, III 1447 Peachtree St NE Ste 540(b) Atlanta, GA 30309

☒ JURY

vs.

Defendant's name and address: David Green, MED Express Transport, Inc. Lancer Insurance Company, John Does (1-2) and ABC Corporations (1-2)

TO THE ABOVE-NAMED DEFENDANT: MED Express Transport, Inc. c/o Linda C. Madden - American Process Agents 1720 Cromer Rd. Elberton, GA 30635

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Name: Alfred L. Evans III - Evans Litigation & Trial Law
Address: 1447 Peachtree St. NE Ste 540(b) Atlanta, GA 30309
Phone Number: 404-334-8009   Georgia Bar No. 251401

an ANSWER to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

| Defendant's Attorney | Third Party Attorney |
|---|---|
| Address | Address |
| Phone No.    Georgia Bar No. | Phone No.    Georgia Bar No. |

**TYPE OF SUIT**

☒ Personal Injury ☐ Products Liability
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability
☐ Other

Principal $ TBD
Interest $ _____
Atty Fees $ _____

Access to the e-filing site and the rules is available at www.dekalbstatecourt.net
To indicate consent to e-service check the box below.
☐ (Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.

E-file summons1-2016

STATE COURT OF
DEKALB COUNTY, GA.
5/26/2017 10:16:37 AM
E-FILED
BY: Monique Roberts

No. 17A64632

**STATE COURT OF DEKALB COUNTY**
GEORGIA, DEKALB COUNTY

**Date Summons Issued and E-Filed**
05/26/2017

**SUMMONS**

/s/ Monique Roberts
Deputy Clerk

Deposit Paid $ _____

Plaintiff's name and address: Nicholas Harden c/o Alfred L. Evans, III, 1447 Peachtree St. NE Ste 540(b), Atlanta, GA 30309

[X] JURY

vs.

Defendant's name and address: David Green, M&D Express Transport Inc., Lancer Insurance Company, John Does (1-2) and ABC Corporations (1-2)

TO THE ABOVE-NAMED DEFENDANT: Lancer Insurance Company c/o National Registered Agents, 289 S. Culver Street, Lawrenceville, GA 30046

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Name: Alfred L. Evans, III - Evans Litigation & Trial Law
Address: 1447 Peachtree St. NE Ste 540(b) Atlanta GA 30309
Phone Number: 404-334-8009    Georgia Bar No. 251401

an ANSWER to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

Defendant's Attorney: _____
Address: _____
Phone No. _____ Georgia Bar No. _____

Third Party Attorney: _____
Address: _____
Phone No. _____ Georgia Bar No. _____

**TYPE OF SUIT**
[X] Personal Injury  [ ] Products Liability
[ ] Contract  [ ] Medical Malpractice
[ ] Legal Malpractice  [ ] Product Liability
[ ] Other

Principal $ TBD
Interest $ _____
Atty Fees $ _____

Access to the e-filing site and the rules is available at www.dekalbstatecourt.net
To indicate consent to e-service check the box below.
[ ] (Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.

E-file summons1-2016

STATE COURT C
DEKALB COUNTY, G
5/26/2017 10:16:37 A
E-FILE
BY: Monique Rober

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| NICHOLAS HARDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE |
| ) | NUMBER: 17A64632 |
| DAVID GREEN, M.E.D. EXPRESS ) | |
| TRANSPORT, INC., LANCER ) | **JURY TRIAL DEMANDED** |
| INSURANCE COMPANY, JOHN ) | |
| DOES (1-2) and ABC CORPORATIONS ) | |
| (1-2), ) | |
| ) | |
| Defendants. ) | |

*COMPLAINT FOR DAMAGES*
*[PERSONAL INJURY]*

COMES NOW NICHOLAS HARDEN, Plaintiff in the above-styled civil action, and hereby files his Complaint for Damages against Defendants DAVID GREEN, M.E.D. EXPRESS TRANSPORT, INC., LANCER INSURANCE COMPANY, JOHN DOES (1-2) and ABC CORPORATIONS (1-2). In so doing, Plaintiff avers as follows:

1.

Plaintiff Nicholas Harden ("Harden") is a resident of Gwinnett County, State of Georgia.

2.

Defendant David Green ("Green") is an individual who is subject to the jurisdiction and venue of this Court. Green may be served with a second original Summons and a copy of this Complaint either personally at his residence or notoriously on anyone residing at his residence located at 15810 Bridgewater Lane, Tampa, Florida 33624.

3.

Defendant M.E.D. Express Transport, Inc. ("M.E.D. Express") is a corporation with a principal office address of 5186 126th Avenue North, Clearwater, Florida 33760. M.E.D. Express may be served with a second original Summons and a copy of this Complaint through its designated agent for service, American Process Agents c/o Linda C. Madden, 1720 Cromer Road, Elberton, Georgia 30635. M.E.D. Express is subject to the jurisdiction and venue of this Court. M.E.D. Express may also be served through its Registered Agent in Florida – Martin Danko, 5186 126th Avenue North, Clearwater, Florida 33760.

4.

Defendant Lancer Insurance Company ("Lancer") is a corporation with a principal office address of 370 West Park Avenue, Long Beach, New York 11561. Lancer is authorized to transact business in Georgia. Service of a second original Summons and a copy of this Complaint may be made upon Lancer's registered agent for service, National Registered Agents, Inc., 289 S. Culver Street, Lawrenceville, Georgia 30046. Lancer is subject to the jurisdiction and venue of this Court.

5.

At the time of the subject collision, Lancer provided a policy of liability insurance on behalf of M.E.D. Express, a common carrier for hire, the same being policy of insurance number CM0057810-01. Said policy was in effect on July 29, 2015. Defendant Lancer is subject to suit by direct action, pursuant to O.C.G.A. § 40-2-140 and/or O.C.G.A. § 40-1-112.

6.

The true names or capacities of the Defendants named herein as John Does (1-2) and ABC Corporations (1-2) are unknown to Plaintiff. Therefore, Plaintiff sues these Defendants by their fictitious names. Plaintiff will amend his Complaint to show the true names of the Defendants when their names have been ascertained. Plaintiff alleges upon information and belief that these Defendants may in some manner be responsible for the acts or omissions alleged herein, and that they may in some manner be liable to Plaintiff for injuries and damages resulting from those acts or omissions.

7.

This Court has personal jurisdiction over the Defendants in this case.

8.

This Court has subject matter jurisdiction over the instant controversy.

9.

Venue is proper in this Court.

### STATEMENT OF FACTS PERTINENT AS TO ALL COUNTS

10.

Harden realleges and incorporates the allegations contained in Paragraphs 1 through 9 above as if fully restated herein.

11.

On or about July 29, 2015, Harden was operating a vehicle in the second lane from the median barrier wall traveling on Interstate 285 northbound in DeKalb County, Georgia.

12.

At the same approximate time and place, Green was operating a 2001 Freightliner tractor-trailer in the third lane from the median barrier wall on Interstate 285 northbound in DeKalb County, Georgia.

13.

At all relevant times to this Complaint, Green was operating his tractor-trailer on behalf of M.E.D. Express, and in the furtherance of M.E.D. Express' business.

14.

At all relevant times to this Complaint, Green was an agent, servant, and employee of M.E.D. Express, he was operating the tractor-trailer within the course and scope of his employment with M.E.D. Express, and he was operating the tractor-trailer with the permission of M.E.D. Express.

15.

Immediately prior to the collision, Green's tractor trailer was traveling next to the vehicle being driven by Harden. Green then attempted to move from his lane of travel into Harden's lane of travel.

16.

Due to failing to use due care, failing to keep a proper lookout, and making an improper lane change, among other things, the left side of Green's tractor-trailer struck the right side of Harden's vehicle.

17.

Green failed to stop at the scene of the collision, and fled onto Interstate 85 northbound in an intentional effort to avoid responsibility for his actions. Harden followed Green's tractor-trailer so he could obtain pertinent information related to that tractor-trailer. The police ultimately contacted Green's employer, and Green returned to the scene of the collision.

18.

At all times relevant hereto, Harden was operating his vehicle in a careful and prudent manner and Harden was free of any contributory negligence.

19.

As a result of the collision, Harden suffered injuries to his person.

*COUNT I - NEGLIGENCE*

20.

Harden realleges and incorporates the allegations contained in Paragraphs 1 through 19 above as if fully restated herein.

21.

The subject collision was caused by the negligent acts of Green including, but not limited to, failing to use due care, failing to keep a proper lookout, and making an improper lane change.

22.

As a direct and proximate result of Green's negligence, Harden sustained injuries to his person for which he is entitled to compensation.

23.

As a direct and proximate result of Green's negligence, Harden incurred medical expenses for which he is entitled to compensation.

24.

As a direct and proximate result of Green's negligence, Harden will incur future medical expenses for which he is entitled to compensation.

25.

As a direct and proximate result of Green's negligence, Harden endured pain and suffering for which he is entitled to compensation.

26.

As a direct and proximate result of Green's negligence, Harden will continue to endure pain and suffering for which he is entitled to compensation.

27.

As a direct and proximate result of Green's negligence, Harden experienced, and will continue to experience, lost wages for which he is entitled to compensation.

*COUNT II – NEGLIGENCE PER SE*

28.

Harden hereby adopts and re-alleges the allegations in Paragraphs 1 through 27 above as if set forth fully in this Paragraph.

29.

Green owed a duty to Harden under O.C.G.A. § 40-6-241 to exercise due care in operating his motor vehicle on the highways of this state.

30.

Green owed a duty to Harden under O.C.G.A. § 40-6-123 not to change lanes or move left upon a roadway unless and until such movement could be made with reasonable safety.

31.

Green breached these duties and as a result of said breaches, Green's trailer struck the vehicle being driven by Harden.

32.

O.C.G.A. § 40-6-241 and O.C.G.A. § 40-6-123 were intended to protect persons such as Harden from certain risk of injury, and Harden came under the ambit of these statutes, protecting him from the acts and/or omissions of Green.

33.

As a direct and proximate result of Green's negligence *per se*, Harden sustained physical injuries for which he is entitled to compensation.

34.

As a direct and proximate result of Green's negligence *per se*, Harden incurred medical expenses for which he is entitled to compensation.

35.

As a direct and proximate result of Green's negligence *per se*, Harden will incur future medical expenses for which he is entitled to compensation.

36.

As a direct and proximate result of Green's negligence *per se*, Harden has endured pain and suffering for which he is entitled to compensation.

37.

As a direct and proximate result of Green's negligence *per se*, Harden will continue to endure future pain and suffering for which he is entitled to compensation.

38.

As a direct and proximate result of Green's negligence *per se*, Harden experienced, and will continue to experience, lost wages for which he is entitled to compensation.

***COUNT III - IMPUTED LIABILITY/RESPONDEAT SUPERIOR - M.E.D. EXPRESS***

39.

Harden realleges and incorporates the allegations contained in Paragraphs 1 through 38 above as if fully restated herein.

40.

At the time of the subject collision, Green was under dispatch for M.E.D. Express.

41.

At the time of the subject collision, Green was operating his tractor-trailer on behalf of M.E.D. Express.

42.

At the time of the subject collision, Green was operating his tractor-trailer in the course and scope of his employment with M.E.D. Express, and in furtherance of his duties with M.E.D. Express.

43.

Based on the theory of *respondeat superior*, M.E.D. Express is liable for all damages suffered by Harden as a result of Green's negligence, including without limitation, past

8

medical expenses, future medical expenses, past lost wages, future lost wages, past pain and suffering, present pain and suffering, and future pain and suffering.

44.

M.E.D. Express is an interstate motor carrier, and pursuant to federal and state laws, M.E.D. Express is responsible for the actions of Green in regard to the collision described in this Complaint under the doctrine of lease liability, agency and/or apparent agency.

*COUNT IV - NEGLIGENT HIRING, TRAINING & SUPERVISION - M.E.D. EXPRESS*

45.

Harden realleges and incorporates the allegations contained in Paragraphs 1 through 44 above as if fully restated herein.

46.

M.E.D. Express was negligent in hiring Green and entrusting him to drive a tractor-trailer.

47.

M.E.D. Express was negligent in failing to properly train Green.

48.

M.E.D. Express was negligent in failing to properly supervise Green.

49.

The injuries and damages sustained by Harden are a direct and proximate result of M.E.D. Express' independent acts of negligence as outlined in Paragraphs 43-45 of this Complaint.

50.

M.E.D. Express is liable for all injuries and damages suffered by Harden as a result of its independent acts of negligence, including without limitation, past medical expenses, future medical expenses, past lost wages, future lost wages, past pain and suffering, present pain and suffering, and future pain and suffering.

### *COUNT V - DIRECT ACTION – LANCER*

51.

Harden realleges and incorporates the allegations contained in Paragraphs 1 through 50 above as if fully restated herein.

52.

Lancer is subject to a direct action as the insurer for M.E.D. Express pursuant to O.C.G.A. § 40-2-140 and/or O.C.G.A. § 40-1-112.

53.

Lancer was the insurer of M.E.D. Express at the time of the collision and issued a liability policy to comply with the filing requirements under Georgia law for interstate transportation.

54.

Lancer and M.E.D. Express are subject to the filing requirements outlined in O.C.G.A. § 40-2-140 and/or O.C.G.A. § 40-1-112.

55.

Lancer is responsible for any judgment rendered against M.E.D. Express and its driver, Green, up to its policy limits of coverage.

### COUNT VI - PUNITIVE DAMAGES – GREEN AND M.E.D. EXPRESS

56.

Harden realleges and incorporates the allegations contained in Paragraphs 1 through 55 above as if fully restated herein.

57.

The actions and conduct of Green and M.E.D. Express as alleged herein were willful, fraudulent, exhibit bad faith, and evince an entire want of care which raise the presumption of a conscious indifference to the consequences to members of the general public, and in particular to Harden, who can reasonably be expected to be affected by said actions and conduct. As such, Harden is entitled to recover punitive damages from Green and M.E.D. Express in an amount to be determined by the enlightened conscience of the jury, in order to punish Green and M.E.D. Express for past misconduct and so as to deter Green and M.E.D. Express from engaging in similar conduct in the future.

WHEREFORE, Harden prays for the following relief:

a) That a Summons and a copy of this Complaint for Damages be served on Green, M.E.D. Express, and Lancer as provided by law;

b) That Harden have a trial by jury of twelve as to all issues;

c) That Harden have and recover special damages for his past and future medical costs, as well as other proximately related expenses, against Green, M.E.D. Express, and Lancer as in an amount to be proven at trial;

d) That Harden have and recover special damages for his past and future lost wages, as against Green, M.E.D. Express, and Lancer as in an amount to be proven at trial;

e) That Harden have and recover general damages for his personal injuries against Green, M.E.D. Express and Lancer (including, but not limited to pain and suffering, past, present and future) in an amount to be proven at trial;

f) That Harden have and recover punitive damages against Green and M.E.D. Express; and

g) That Harden have and recover such other and further relief as this Court may deem just and proper.

This 25th day of May, 2017.

Respectfully submitted,

**EVANS LITIGATION & TRIAL LAW, LLC**

BY: /s/Alfred L. Evans, III
    ALFRED L. EVANS, III
    Georgia State Bar No. 251401

Attorney for Plaintiff

1447 Peachtree Street, N.E.
Suite 540(b)
Atlanta, Georgia 30309
404.334.8009 (Telephone)
678.550.9849 (Facsimile)
aevans@evansltl.com

STATE COURT OF
DEKALB COUNTY, GA.
5/26/2017 10:16:37 AM
E-FILED
BY: Monique Roberts